| | | |
|---|---|---|
| **VANCE BONIFAY VANDEMARK,** | § | |
| **TDCJ No. 1989257,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **SA-17-CA-00407-XR** |
| | § | |
| **LORIE DAVIS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER OF DISMISSAL

Before the Court is Petitioner Vance Bonifay VanDemark's petition for habeas corpus relief under 28 U.S.C. § 2254. (Docket Entry 1). For the reasons set forth below, Petitioner's federal habeas corpus petition is dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings. Petitioner is also denied a certificate of appealability.

## Background

In March 2015, Petitioner pled guilty in Kerr County to assault family violence and was sentenced to four years. *State v. VanDemark*, No. A-1592 (216th Dist. Ct., Kerr Cty., Tex. Mar. 19, 2015). According to Petitioner he did not appeal his conviction; instead, he filed a state habeas corpus application challenging the decision of the Board of Pardons and Parole (BPP) to deny his release to mandatory supervision. The Texas Court of Criminal Appeals denied his petition on August 10, 2016, without written order. *Ex parte Vandermark*, No. 85,205-01 (Tex. Crim. App.). Petitioner placed the instant federal habeas petition in the prison mail system on April 18, 2017. In the § 2254 petition, he contends the BPP's decision to deny him mandatory supervision release was incorrect because he is rehabilitated and no longer a threat to society.

**<u>Analysis</u>**

"Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division."  TEX. GOV'T. CODE § 508.001(5). Whereas an inmate's release on parole is wholly discretionary, an inmate's release on mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced."  *Id*. at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n. 1 (5th Cir. 2007).  One of the exceptions to Texas's mandatory supervision law adds a dimension of discretion to the mandatory supervision scheme, providing that, if a parole panel determines that the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation and the inmate's release would endanger the public, he may not be released to mandatory supervision.  *See Malchi v. Thaler*, 211 F.3d 953, 958 n. 6 (5th Cir. 2000) (citing TEX. GOV'T. CODE § 508.149(b)).

Both the Fifth Circuit and the Texas courts have held Texas's current mandatory supervision scheme (outlined above) creates a protected liberty interest.  *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007); *Ex parte Geiken*, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000).  Therefore, Petitioner does have a protected liberty interest in, and is entitled to due process protection with respect to, the decision to deny him mandatory supervision.  However, this simply means certain procedural due process protections must be afforded Petitioner by the BPP before it decides whether to release him on mandatory supervision.  Procedural due process requires, essentially, that Petitioner be given notice and a meaningful opportunity to be heard.  *Geiken*, 28 S.W.3d at 560.  Additionally, if release is denied, "the inmate must be informed in

what respects he falls short of qualifying for early release."  *Id.* (citing *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)).

Petitioner does not allege (1) he was not given timely notice that he was to be considered for mandatory supervision release, (2) he was not given a meaningful opportunity to tender information to the BPP in support of his release, or (3) he was not informed in what respects he fell short of qualifying for early release.  Quite the opposite, Petitioner's allegations challenge the reasons given by the BPP in denying his release, thus indicating he had previously received the process to which he was due under the law with regard to the denial of mandatory supervision.  Petitioner was given notice, an opportunity to be heard, and the reasons he was denied mandatory supervision release, and there is no reason to think he will not be afforded those same protections in the future.

To the extent Petitioner complains that the BPP's reasoning or the guidelines it follows are too vague or arbitrary, his claim also fails.  The Court of Criminal Appeals has considered this argument and rejected it.  *Geiken*, 28 S.W.3d at 557.  In *Geiken*, the applicant argued that the statutory criteria directing the BPP to evaluate the inmate's potential for rehabilitation and potential dangerousness to the public "are too vague to provide any guidance to the Board in making its decision and . . . this Court should, because of this vagueness, hold this portion of the statute unconstitutional."  *Id.*  The Court of Criminal Appeals rejected the argument, explaining the factors in question represent "valid concerns in making the release decision" and "are not so vague as to provide the Board with no guidance in their decision."  *Id.*  The *Geiken* court concluded, "[t]he early release decision is necessarily subjective and cannot be limited to rigidly defined factors.  In creating a parole or other early release system, 'the state may be specific or

general in defining the conditions for release and the factors that should be considered by the parole authority.'" *Id*. (citing *Greenholtz*, 442 U.S. at 8). Therefore, any challenge by Petitioner to the factors considered by the BPP is without merit.

As for the sufficiency of the denial explanations, the Fifth Circuit has upheld similar explanations in the mandatory supervision context, and the BPP is not required to produce evidence in support of its decision. *See Boss v. Quarterman*, 552 F.3d 425, 428–29 (5th Cir. 2008) (holding the Due Process Clause does not require further explanation than the "paragraphs cut verbatim from the Parole Board's Directives."). Although Petitioner did not receive the result he desired, he was afforded the process he was due under the United States Constitution.

## <u>Conclusion</u>

Rule 4 Governing Habeas Corpus Proceedings states a habeas corpus petition may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." For the foregoing reasons, VanDemark's federal habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner VanDemark's § 2254 petition (Docket Entry 1) is **DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing § 2254 Proceedings;

2. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Federal Rule of Appellate Procedure 22 for a certificate of appealability. *See Slack v.*

*McDaniel*, 529 U.S. 473, 483–84 (2000).  Therefore, this Court **DENIES** Petitioner a certificate of appealability.  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

3.  All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 13th day of June, 2017.

**XAVIER RODRIGUEZ**
**United States District Judge**